NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY D LUGO, | No. 16-55990 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-02572-JFW-RAO |
| v. | |
| SHAWN HATTON, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted May 8, 2020**
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HUMETEWA,*** District Judge.

Petitioner Larry Lugo appeals the district court's dismissal of his petition for habeas corpus.  Lugo contends that the California Court of Appeal erred in

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable Diane J. Humetewa, United States District Judge for the District of Arizona, sitting by designation.

excluding evidence of third-party culpability. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c). As the parties are familiar with the facts, we do not recount them here. We affirm.

The California Court of Appeal's dismissal of Lugo's petition constituted an "adjudicat[ion] on the merits" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), because there is no "indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011) (citation omitted). Trial judges are permitted, under the Constitution, to exercise their discretion and exclude evidence of third-party culpability if they find its probative value to be outweighed by factors such as unfair prejudice. *See Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006).

While the California Court of Appeal was silent on Lugo's due process claims, by addressing the discretion of the trial judge in evaluating the evidence, we can presume that the California Court of Appeal also considered that issue under the broader umbrella of a criminal defendant's constitutional right to present a defense. *See Johnson v. Williams*, 568 U.S. 289, 301 (2013); *see also People v. Hall*, 718 P.2d 99, 104 (1986) ("As a general matter, the ordinary rules of evidence do not impermissibly infringe on the accused's right to present a defense."). Due to its adjudication on the merits, the California Court of Appeal's dismissal warrants AEDPA deference. *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

2

The California Court of Appeal's adjudication did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). While a criminal defendant has a constitutional right to present a defense, that right is subject to certain limitations such as procedural or evidentiary rules. *See Holmes*, 547 U.S. at 326-27. California Evidence Code Section 352, the state equivalent to Federal Rule of Evidence Section 403, is one such rule that shapes the scope of a defendant's right to present a defense by allowing the exclusion of evidence that is unfairly prejudicial, including evidence of third-party culpability that is "purely speculative." *Spivey v. Rocha*, 194 F.3d 971, 978 (9th Cir. 1999); *see Fowler v. Sacramento Cty. Sheriff's Dept.*, 421 F.3d 1027, 1033 n.4 (9th Cir. 2005). Here, the California Court of Appeal identified and analyzed the appropriate evidentiary rules, ultimately determining that any connection between Nino Garcia's death and Lugo's guilt was pure speculation and insufficient to raise a reasonable doubt as to Lugo's guilt. The California Court of Appeal admitted other evidence of third-party culpability that was not unfairly prejudicial, thus indicating a reasoned consideration of the facts and applicable law.

The California Court of Appeal adjudication did not result "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As a general

principle, we "must presume that a state court's factual findings are correct," and it is the petitioner who "has the burden of rebutting the presumption by clear and convincing evidence." *McDaniels v. Kirkland*, 839 F.3d 806, 809 (9th Cir. 2016) (internal quotations marks and citation omitted). We will only second-guess a state court's determination of the facts if the state court was "actually unreasonable," and "not merely wrong." *Sifuentes v. Brazelton*, 825 F.3d 506, 517 (9th Cir. 2016) (internal quotation marks and citation omitted). Here, the California Court of Appeal weighed the evidence, excluding only that which was more prejudicial than probative. Lugo merely disagrees with the California Court of Appeal's interpretation of the facts, and he has failed to carry his burden by clear and convincing evidence. *See McDaniels*, 839 F.3d at 809.

Lugo raises an uncertified claim in his opening brief, which we construe as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e); 28 U.S.C. § 2253(c)(2); *Gonzalez v. Duncan*, 551 F.3d 875, 879 n.6 (9th Cir. 2008). We deny the motion.

**AFFIRMED**.